UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY BRANDON, an individual; and KERRY BEATTY, an individual, <br><br>Plaintiffs, <br><br>vs. <br><br>D.R. Horton, INC., a corporation; and DOES 1 through 10, inclusive <br><br>Defendants. | Case No. 07cv1256 J (POR) <br><br>**[AMENDED] ORDER:** <br><br>**(1) OVERRULING PLAINTIFFS' OBJECTION TO ORDER AWARDING SANCTIONS** <br><br>**(2) GRANTING DEFENDANT'S REQUEST FOR ADDITIONAL SANCTIONS** |

Plaintiffs' Larry Brandon and Kerry Beatty (collectively, "Plaintiffs") have filed an Objection to Magistrate Judge Louisa S. Porter's award of attorneys' fees in the amount of $5,280 to Defendant D.R. Horton, Inc. ("Defendant"). After a thorough review of the arguments presented, this Court **OVERRULES** Plaintiffs' Objection in its entirety.

*Background*

On February 29, 2008, Magistrate Judge Porter heard argument on Plaintiffs' Motion to Compel Return of Privileged Communications (the "Motion"). The Motion pertained to certain documents which were inadvertently produced by Plaintiffs' counsel (hereinafter, the "Documents"). [*See* Doc. No. 18 at 2.] It was Plaintiffs' position that the Documents constituted confidential communications between lawyer and client and were, therefore, subject

to the attorney-client privilege. (*Id.*) Plaintiffs' Motion also sought an order striking certain testimony of Plaintiff Brandon as it related to the Documents. (*Id.*) After reviewing the pleadings submitted by the parties, and hearing oral argument, Judge Porter denied the Motion and granted Defendant fees incurred in opposition of the Motion in the amount of $5,280. (*Id.*) On February 15, 2008, Plaintiffs filed a written objection to Judge Porter's imposition of sanctions against Plaintiffs. [*See* Doc. No. 18.] Plaintiffs asserted that Judge Porter's Order on the Motion was not substantially justified and the award of fees was unjust. (*Id.*) On March 4, 2008, Plaintiffs provided a Notice of Hearing for the Objection. [*See* Doc. No. 19.] On March 31, 2008, Defendant filed an Opposition to Plaintiffs' Objection alleging that: (1) the Objection was untimely and (2) Judge Porter's Order on the Motion and subsequent award of attorneys' fees was both substantially justified and compelled by the controlling law. [*See* Doc. No. 20 at 1.]

### *Legal Standards*

I. Timeliness

Under Rule 72(a), a party may object to a non-dispositive pretrial order of a magistrate judge within ten days after service of the order. Fed. R. Civ. P. 72(a). Local Rule 7.1 states that objections filed pursuant to Rule 72(a) must be filed as noticed motions (after obtaining a hearing date from the court) and that failure to comply with this rule may be deemed as a waiver of the objection. S.D. Cal. Civ. R. 7.1.

II. Reviewing a Magistrate Judge's Order

A magistrate judge's determination is entitled to deference unless it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Computer Economics, Inc., v. Gartner Group, Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999). The "clearly erroneous" standard applies to the magistrate judge's factual determinations and discretionary decisions, including orders imposing discovery sanctions. *Maisonville v. F2 Am., Inc.*, 902 F. 2d 746, 748

1 (9th Cir. 1990) (factual determinations in connection with a sanction award are reviewable for
2 clear error); *Grimes v. City and County of San Francisco*, 951 F. 2d 236, 240 (9th Cir. 1991)
3 (discovery sanctions are non-dispositive pretrial matters reviewable for clear error under Rule
4 72(a)). Under this standard, "the district court can overturn the magistrate judge's ruling only
5 if the district court is left with the definite and firm conviction that a mistake has been made."
6 *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). "District Courts
7 are not required to hear evidence not previously presented to the magistrate judge." *United*
8 *States v. Howell*, 231 F. 3d 615, 622 (9th Cir. 2000).

9 The "contrary to law" standard applies to review of purely legal determinations by a
10 magistrate judge. *See e.g.*, *Haines v. Liggett Group, Inc.*, 975 F. 2d 81, 91 (3d Cir. 1992) ("the
11 phrase 'contrary to law' indicates plenary review as to matters of law."); *Medical Imagine*
12 *Centers of America, Inc., v. Lichtenstein*, 917 F. Supp. 717, 719 (S.D. Cal. 1996) (Brewster, J.)
13 ("Section 636(b)(1)...has been interpreted to provide for de novo review by the district court on
14 issues of law."); 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal
15 Practice and Procedure § 3069 at 350 & 355 (2d ed. 1997). Accordingly, the district court
16 exercises its independent judgment with respect to a magistrate judge's legal conclusions.
17 *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd* 19 F. 3d 1432 (6th Cir. 1994).

18

19 ### *Discussion*

20 I. <u>Timeliness</u>

21 As stated above, objections filed pursuant to Rule 72(a) must be filed as noticed
22 motions and any failure to comply with that rule may be deemed as a waiver of the motion or
23 objection. S.D. Cal. Civ. R. 7.1. In this case, Judge Porter's Order was electronically served
24 on the parties on February 5, 2008. [*See* Doc. No. 17.] On February 15, 2008, Plaintiffs
25 electronically filed and served their Objection, without obtaining or filing a Notice of
26 Hearing. [Doc. No. 18.] Since the Objection was not accompanied with a Notice of Hearing,
27 this filing was not in compliance with Local Rule 7.1. On March 4, 2008, Plaintiffs
28 electronically filed and served their "Notice of Hearing" regarding their Objection, but failed
to re-file the Objection itself. [*See* Doc. No. 19.] Since Plaintiffs failed to file their

3

Objection and Notice of Hearing within the ten day limit of Judge Porter's Order, as required under Rule 72(a) and Local Rule 7.1, the Court **FINDS** that Plaintiffs' Objection is untimely.

II. <u>Substantial Justification</u>

Plaintiffs' counsel does not challenge the magistrate judge's denial of Plaintiffs' Motion and only objects to the award of sanctions. However, because these sanctions were awarded under Rule 37(a)(4), the issue of sanctions is necessarily tied to the merits of Plaintiffs' underlying Motion. Federal Rule of Civil Procedure section 37(a)(4) provides that the court shall require the moving party to pay reasonable expenses unless the motion is substantially justified. Fed. R. Civ. P. 37(a)(4).

As stated above, Plaintiffs' Motion was brought before the magistrate judge under Plaintiffs' claim that the Documents were inadvertently produced to opposing counsel and were documents protected by the attorney-client privilege. Ordinarily, California law governs the existence of privilege in this matter because the federal court has jurisdiction solely under the rules governing diversity. *See* Fed. R. Evid. 501. However, this Court also considers federal law in determining this issue because the potential waiver in this case relates to procedural issues such as the production of documents and the taking of depositions under the Federal Rule of Civil Procedure. *See Cunningham v. Connecticut Mutual Life Ins.*, 845 F. Supp. 1403, 1410 (S.D. Cal. 1994) ("[Federal Rule of Evidence 501] does not preclude the application of federal common law to a procedural default or inadvertent production.").

To prevail on their Motion, Plaintiffs must prove that the Documents were privileged and that the failure to assert the privilege when the Documents were introduced did not independently waive privilege. [*See* Doc. No. 17 at 2.] Judge Porter correctly found that there was nothing on the face of the document that indicated it was a confidential communication. (*Id.*) In fact, when confronted with the document, Plaintiff Brandon testified that he created it as a study tool for himself rather than a document for or by his attorney. (*Id.*) Both California and federal law clearly state that failure to assert the attorney-client privilege, especially during deposition, is an absolute waiver of the privilege.

4

1  Cal. Code Civ. Proc. § 2025.460(a) ("The protection of information from discovery on the
2  ground that it is privileged...is waived unless a specific objection to its disclosure is timely
3  made during deposition"); *Int'l Ins. Co. V. Montrose Chem. Corp.*, 231 Cal. App. 3d 1367,
4  1373 fn 4 (1991) ("At...deposition, no objections to the documents were raised on attorney-
5  client privilege...and those objections were therefore waived"); *Perrignon v. Bergen*
6  *Brunswig Corp.*, 77 F.R.D. 455, 459 (N.D. Cal. 1978) ("...even if the statements were
7  privileged, the privilege was waived.  When plaintiff...was deposed on April 21, 1977, she
8  described her conversations with Nielson without any objection from counsel for HAS.  By
9  failing to make a timely objection, HAS waived any privilege that may have existed with
10 respect to the statements").  Plaintiffs failure to assert the privilege at Plaintiff Brandon's
11 deposition is clear proof that, even if there was a privilege, it was absolutely and irrevocably
12 waived, regardless of whether disclosure was inadvertent.  With federal and California law in
13 mind, Plaintiffs' Motion has no merit and lacked substantial justification.  Thus, Judge
14 Porter's order was neither contrary to law nor clearly erroneous and this Court
15 **OVERRULES** Plaintiffs' Objection.

16

17 III. Defendant's Request for Additional Sanctions

18   Defendant has requested additional sanctions in the amount of $2075 for attorneys'
19 fees accumulated in opposing Plaintiffs' Objection.  [Doc. No. 20.]  The Court has found that
20 Plaintiffs' underlying motion was not substantially justified and that Plaintiffs' waiver of
21 objection was clear by their failure to comply with the local rules.  Moreover, Defendant's
22 fee request is reasonable and justified.  Accordingly, Defendant's request for sanctions is
23 **GRANTED** under Federal Rule of Civil Procedure 37(a)(4).  Therefore, Plaintiff's counsel
24 is ordered to pay additional sanctions in the amount of $2075 to Luce Forward.

25                                                              *Conclusion*

26   Judge Porter provided various sound reasons why the award of attorneys' fees was
27 ///
28 ///
   ///

1 | appropriate and this Court declines to disturb that reasoning.  Accordingly, this Court
2 | **OVERRULES** Plaintiffs' Objection to Judge Porter's Order and **GRANTS** Defendant's
3 | request for additional sanctions.

5 | DATED:  May 21, 2008

HON. NAPOLEON A. JONES, JR.
United States District Judge

9 | cc: Magistrate Judge Porter
     All Parties of Record